UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS

| | |
|---|---|
| TMCI INC. and<br>MOSTAFA MAHMOUD AHMED ABD EL RAHMAN<br>         Plaintiff,<br><br>  v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; TRACY RENAUD, ACTING DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES; GREGORY A. RICHARDSON, DIRECTOR, USCIS TEXAS SERVICE CENTER<br><br>      Defendants. | No. _____ |

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND REVIEW OF AN IMMIGRANT VISA PETITION UNDER THE ADMINISTRATIVE
PROCEDURE ACT

## INTRODUCTION

1.  Plaintiff Mr. Mostafa Mahmoud is an esteemed businessman. He founded and manages TMCI, Inc., where he develops and manufactures original cleaning agents which are distributed throughout the U.S. In the field of entrepreneurialism and business development, where Mr. Mahmoud has worked for 25 years, his endeavor has substantial proven ability of potential positive economic effects for the United States. His cleaning agents are used by numerous well-established national and international shipping and transportation companies.

2.  On August 16, 2018, Mr. Mahmoud filed a self-petitioned Form I-140, Immigrant Petition for Alien Worker, in the National Interest Waiver category with the Texas Service Center.

3.  On June 17, 2019, USCIS denied Plaintiff's application.

4.  On February 16, 2021, USCIS also denied Plaintiff's I-290B, Notice of Appeal or Motion.

5.  USCIS' denials were arbitrary, capricious, and erroneous.

6.  We ask the Court to reverse USCIS' decision in this case.

## PARTIES

7.  Plaintiff Mr. Mostafa Mahmoud Ahmed Abd El Rahman ("Mr. Mahmoud") is a citizen of Germany and currently resides in Houston, Texas.

8.  Plaintiff TMCI, Inc., is a U.S.-based cleaning agent company, fully owned by Mr. Mahmoud.

9.      Defendant Tracy Renaud is Acting Director, U.S. Citizenship and Immigration Services. She is sued in her official capacity.

10.     Defendant U.S. Citizenship and Immigration Services ("USCIS") is the division of the Department of Homeland Security charged with adjudicating immigrant visa applications.

11.     Defendant Gregory A. Richardson is the Director of the U.S. Citizenship and Immigration Services Texas Service Center which denied Plaintiff's immigrant visa application.  He is sued in his official capacity.

## JURISDICTION

12.     Jurisdiction arises under 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 701 et seq. (the Administrative Procedure Act) which waives sovereign immunity and authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

13.     Additionally, this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, to declare government action to be in violation of the APA.

## VENUE

14.     Pursuant to 28 U.S.C. § 1391(e), venue is proper in this Court because Defendant Gregory A. Richardson is an officer of the United States acting in his official capacity; the USCIS Texas Service Center is located in Irving, Texas; and no real property is involved in the action.

FACTS AND LEGAL BACKGROUND

15.   Mr. Mostafa Mahmoud is a citizen of Germany. In 2009, Mr. Mahmoud founded TMCI, Inc., where he is currently President. Mr. Mahmoud has a clear record of establishing successful businesses though his entrepreneurship and innovation.  TMCI is a recognized national distributor of cleaning agents to companies around the world and employs several U.S. workers.

16.   On August 16, 2018, TMCI, Inc. filed Form I-140 Immigrant Petition for Alien Worker on Mr. Mahmoud's behalf.

17.   The petition was filed under 8 U.S.C. § 1153(b)(2)(B)(i). This national interest waiver petition is for those aliens who "are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or education interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B). Pursuant to 8 U.S.C. § 1153(b)(2)(B)(i), "the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States."

18.   Pursuant to 8 C.F.R. § 204.5(k)(3), the petition must be accompanied by evidence showing the alien holds an advanced degree OR that the alien meets at least 3 of 6 criteria for exceptional ability.

19.     Furthermore, "If the above standards do not readily apply to the beneficiary's occupation, the petitioner may submit comparable evidence to establish the beneficiary's eligibility." 8 C.F.R. § 204.5(k)(3)(iii).

20.     In 2016, a new framework for evaluating national interest waiver petitions was established in *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016). Under this framework, USCIS may grant a national interest waiver if the petitioner demonstrates that he or she meets all of the following three prongs:

1. That the foreign national's proposed endeavor has both substantial merit and national importance;

2. That the foreign national is well positioned to advance the proposed endeavor; and

3. That, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. *Id*.

21.     In the original petition, TMCI, Inc. provided evidence that the beneficiary met 3 of the 6 criteria for exceptional ability and all parts of *Dhanasar*.

**Evidence of a Degree or Similar Award from a College or Other Institution of Learning Related to the Area of Exceptional Ability**

22.     The petitioner asserted that the beneficiary met this criterion due to his Bachelor's degree in Business Administration from Cairo University in Egypt (1987). As Mr. Mahmoud is an entrepreneur and business manager, his degree directly relates to his area of exceptional ability.

**Evidence of at Least 10 Years of Full-time Experience in the Occupation for Which the Alien Is Being Sought**

23. Mr. Mahmoud presented evidence through his resume of his continuous work of more than 10 years in the occupation of entrepreneur and business manager.

**Evidence of Recognition for Achievements and Significant Contributions to the Industry or Field by Peers or Professional Organizations**

24. As evidence of recognition for achievements and significant contributions to the industry or field, the petitioner submitted three (3) support letters detailing the widespread impact of TMCI Inc. on the industry of cleaning agent development and production.

**MATTER OF DHANASAR**

**(A) Evidence of the Substantial Merit and National Importance of the Proposed Endeavor**

25. As evidence for the substantial merit and national importance of Mr. Mahmoud's proposed endeavor, namely TMCI Inc., the petitioner submitted numerous tax returns and financial statements as well as a list of current sales, inventory value, and vendor list, all to demonstrate "the importance of the innovative but affordable cleaning agents to the overall U.S. economy."

**(B) Evidence that the Foreign National is Well Positioned to Advance the Proposed Endeavor**

26. In accordance with *Dhanasar*, "To determine whether he or she is well positioned to advance the proposed endeavor, we consider factors including, but not limited to: the individual's education, skills, knowledge and record of success in related or similar efforts; a model or plan for future activities; any progress towards achieving the proposed endeavor; and the interest of potential customers, users, investors, or other relevant entities or individuals."

27.    The petitioner asserted that the beneficiary is well positioned to advance the proposed endeavor of business development and cleaning agent innovation, production, and distribution on the basis of his education in business administration, his skills with product innovation, his knowledge of business development, and his record of success with founding, expanding, and managing TMCI, Inc.

28.    The petitioner further asserted that Mr., Mahmoud's significant role in TMCI and presence in the cleaning agent market in general, as well as the proven sustained interest of customers and distributors, further position him to advance the proposed endeavor.

### (C) Evidence that On Balance, It Would Be Beneficial to the United States to Waive Requirements of a Job Offer and Thus a Labor Certification

29.    Following *Dhanasar*, "In performing this analysis, USCIS may evaluate factors such as: whether, in light of the nature of the foreign national's qualifications or proposed endeavor, it would be impractical either for the foreign national to secure a job offer or for the petitioner to obtain a labor certification; whether, even assuming that other qualified U.S. workers are available, the United States would still benefit from the foreign national's contributions; and whether the national interest in the foreign national's contributions is sufficiently urgent to warrant forgoing the labor certification process. We emphasize that, in each case, the factor(s) considered must, taken together, indicate that on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification."

30.    The petitioner argued that Mr. Mahmoud is the proven owner and founder of the petitioning company (TMCI) and that labor certifications cannot be self-petitioned. Therefore, it is impossible for Mr. Mahmoud to obtain a labor certification.

31.    The petitioner further asserted that Mr. Mahmoud, as the founder, owner, and President of a successful and innovative U.S. company with clear benefits to the American economy through revenue, products, and jobs, should be exempt from the labor certification process.

32.    The petitioner concluded that Mr. Mahmoud's track record of success and product development, production, and distribution is such that on balance, his contributions benefit the United States even if other U.S. workers are qualified and available.

**Defendant's Request for Evidence**

33.    On January 28, 2019, Defendant USCIS issued a Request for Evidence (RFE). The RFE challenged all of the criteria that Mr. Mahmoud claimed he met. The RFE also challenged all of the prongs of *Dhanasar*, which Mr. Mahmoud asserted he has satisfied.

34.    Regarding "An official academic record showing the petitioner has a degree or similar award from an institution of learning," USCIS claimed that the evidence submitted was incomplete because the evidence was not the petitioner's actual academic record. The Service also claimed the evidence of a degree was not from an accredited institution of learning. The Service recommended the following evidence be submitted: "the beneficiary's actual bachelor's degree, a detailed academic equivalency evaluation of the beneficiary's degree(s) and a copy of his official academic transcript showing that he was officially conferred a bachelor's degree relating to the area of exceptional ability."

35.    Regarding "Evidence in the form of letter(s) from current or former employer(s) showing at least 10 years of full-time experience in the occupation," USCIS stated that

the record is absent of letters of experience to support the petitioner's claim of over a decade of full-time experience.

36. Regarding "Evidence of recognition for achievements and significant contributions to the industry or field by peers or professional organizations," the petitioner submitted three (3) letters of support. The Service asserted that the letter of Mr. Margolin "offers no detail about the extent of these claimed achievements," referring to the letter's assertion of the impact of TMCI. The Service further stated that this letter did not offer examples of the petitioner's products having already been utilized or influential to the field. USCIS argued that the record does not support the claims made in the letter of Mr. Germanides that "the beneficiary's work contributions to Gulf State Marine GSM or any company have influenced or impacted the field of business." USCIS further asserted that the record is absent evidence that all the beneficiary's products are his own formulas, "as claimed by Orestes Germanides." Regarding the article featuring Mr. Mahmoud, USCIS asserted that a certified English translation was not provided, nor was "any relevant, probative, or credible evidence regarding the significance and distribution of the magazine." Regarding the submitted sales agreement between TMCI and Fofsa and other documentation of bills, receipts, invoices, and customer and vendor lists, the Service argued that these documents "do not constitute evidence of recognition for achievements and significant contributions."

37. The following sections address the Service's response to the petitioner's I-140 regarding eligibility for a National Interest Waiver according to *Matter of Dhanasar*.

38. Regarding "evidence of an advanced degree," USCIS stated that the petitioner did not provide the specific date in which he received his degree, and that the submitted letter

from the Faculty of Commerce at Cairo University "fails to provide a date of issue." The Service also asserted that the petitioner failed to establish that he has had five (5) years of progressive post-baccalaureate experience because the letters submitted "are not issued by the beneficiary's actual former employer."

39.    Regarding "substantial merit and national importance" of the proposed endeavor, the Service stated, "[T]he record is devoid of a detailed description of the proposed endeavor as described by the beneficiary [and] a plan of how the beneficiary would like to pursue his goals in the United States." The Service further asserted that the petitioner had not provided evidence "such as a copy of [his] business plan or funding for his proposed endeavor." Finally, USCIS stated that it has not been established "that the beneficiary's proposed work has implications… at a level sufficient to demonstrate the national importance of his endeavor."

40.    Regarding whether the beneficiary is "well positioned to advance the proposed endeavor," the Service stated that there is not sufficient evidence "such that projections of his future work in the proposed endeavor are well established." USCIS dismissed the numerous invoices and business documents which the Service itself states "discuss or mention the beneficiary's businesses" and suggested that "to show that the beneficiary's founding and development of [sic] TMCI has influenced the field," evidence of the company's products may be submitted, despite this evidence having already been submitted onto the record. USCIS addressed the letters of support by stating that they "were not accompanied by any corroborative evidence of the impact of the beneficiary's work… or that [the work] has been recognized outside the beneficiary's organization." USCIS finally stated that though the petitioner had

submitted numerous documents evidencing business activities, this evidence "shows only that the beneficiary's company had customers between the years of: 2012 through 2018 [and that] the petitioner has not provided any evidence of correspondence from potential customers."

41.    Regarding "Balancing Factors to Determine Waiver's Benefit to the United States," the Service determined that the evidence "is insufficient to show the degree to which the beneficiary's work has had an impact on the field" or "influenced the field beyond the normal expectations of a President of a company." USCIS further asserted the petitioner has not shown it would be impractical for him to secure a job or obtain a labor certification, or that his endeavor may lead to potential job creation.

**Plaintiff's Response to Request for Evidence**

42.    On April 24, 2019, the petitioner filed a timely response to the RFE emphasizing the relevant, previously submitted evidence and presenting additional evidence.

43.    Regarding "Advanced degree," the petitioner submitted new evidence of Mr. Mahmoud's Bachelor's degree in business administration and university transcript from Cairo University. The petitioner also submitted new evidence of a report by Morningside Evaluations attesting that Mr. Mahmoud had at least five (5) years of progressive experience and earned the equivalent of an advanced degree.

44.    Regarding "License to practice or certification for a particular profession or occupation," the petitioner submitted new evidence in the form of Certification of Registrations and a License for Trade in Egypt, emphasizing that he founded the company.

45.  Regarding "Evidence of membership in professional associations," the petitioner submitted new evidence of a letter addressed to Mr. Mahmoud affirming his membership in the German American Chamber of Commerce of the Southern United States, Inc. (GACC South).

46.  The following sections address eligibility for a National Interest Waiver according to *Matter of Dhanasar*.

47.  Regarding "Substantial merit and national importance," the petitioner emphasized that the endeavor is not proposed, but an endeavor the beneficiary has been engaged in for years and intends to continue and as such does not require a business plan. The petitioner asserted that the endeavor is classified under several qualifying areas: business, entrepreneurialism, and health. The petitioner also stated that there is a particular need for quality, low-cost cleaning agents on cruise ships, which is germane to TMCI as a supplier of these products to cruise ships. The petitioner reiterated that the beneficiary has been on an E-2 visa since 2012, the granting of which necessarily entailed the Department of State and USCIS accepting that TMCI is sufficiently funded. The petitioner stressed that *Dhanasar* holds that the USCIS should look to things such as "significant potential to employ U.S. workers [or] other substantial positive economic effects." The petitioner again explained that TMCI contracts multiple U.S. workers and has beneficial economic impacts through established relationships with numerous large companies. The petitioner also submitted new evidence in the form of testimonial letters specifying the number of employees TMCI supports through its business with other named companies. The petitioner further submitted new evidence of an Economic Impact Report prepared by the University of

Texas at San Antonio containing a hiring plan and gross profit forecasts of TMCI from 2019 through 2023, which demonstrate clear monetary growth and reasonable plans for employment expansion.

48.  Regarding whether he is "well positioned to advance the proposed endeavor," the petitioner stated that the Service had conflated the standards required for the Extraordinary Ability Visa (EB-1A) with that of the National Interest Waiver (EB-2) by asserting that "the petitioner has not shown that the beneficiary's… work as the President of TMCI, Inc. has **influenced or had an impact on the field of business**." (Bold emphasis added.)  As the Service had clearly applied the wrong standard throughout its analysis of the evidence submitted for this prong, the petitioner offered a correct analysis reiterating Mr. Mahmoud's bachelor's degree in a relevant field, his experience of over 25 years in business and entrepreneurship, and TMCI's demonstrated expansion. The petitioner also emphasized that the Economic Impact Report, newly submitted, clearly outlines the beneficiary's future plans for company and the history of TMCI, showing the progress made towards its expansion. The petitioner highlighted the sustained interest of a wide range of suppliers and customers in chemical manufacturing and ship chandelling, demonstrated in the orders, invoices, and support letters of both the original petition and the RFE response.

49.  Regarding whether it is "beneficial to waive requirements of a job offer and labor certification," the petitioner highlighted the Service's repeated misapplication of the standard of "influence on the field" and provided a correct analysis. The petitioner emphasized that the prior NIW test "has proven ill-suited for USCIS to evaluate petitions from self-employed individuals, such as entrepreneurs." *Matter of Dhanasar*.

The petitioner also highlighted that the new test set out by *Dhanasar* states that, "because of the nature of the proposed endeavor, it may be impractical for an entrepreneur or self-employed inventor, when advancing an endeavor on his or her own, to secure a job offer from a U.S. employer." *Id*. The petitioner asserted that Mr. Mahmoud's knowledge, skills, and experience are unique and irreplaceable to the endeavor. The petitioner also argued that because Mr. Mahmoud is self-employed as an entrepreneur and the founder and President of TMCI, it is impractical for him to obtain a job offer and thus a labor certification from a U.S. employer since Mr. Mahmoud is his own employer. The petitioner drew attention to the beneficiary's degree in business administration and his experience of over 25 years administering businesses and over a decade administering businesses involving cleaning agents. The petitioner also reiterated that submitted evidence demonstrated the current capability of TMCI to employ U.S. workers as well as its potential capacity supported by definitive plans for future expansion.

**Denial**

50.    On June 17, 2020, USCIS issued a denial of Mr. Mahmoud's I-140 application. The denial reasserted USCIS' prior finding of Mr. Mahmoud's failure to meet at least three NIW criteria and the prongs of *Dhanasar*.

51.    Regarding the "Advanced degree," the Service conceded the beneficiary had demonstrated possession of a bachelor's degree in business administration. However, the Service contested that the beneficiary had at least five (5) years of progressive post-baccalaureate experience because the letters of testimony were not by the beneficiary's "actual former employer."

52.  Regarding "A license or certification for a particular profession or occupation," USCIS stated the submitted License to Trade was not for the profession or occupation of a president of a company, nor did it demonstrate that the beneficiary's profession requires a license or certification.

53.  The Service conceded the beneficiary had satisfied "Evidence of membership in professional associations" through membership in the German American Chamber of Commerce of the Southern United States, Inc.

54.  Regarding "evidence of recognition for achievements and significant contributions to the industry of field by peers or professional organizations," USCIS again claimed that the letters of support did not establish "how, exactly, the beneficiary has played a significant role in the work of others in the field" or how "the beneficiary's product and company distinguishes itself from other distributors or manufacturers in the field." USCIS reiterated that the letters "were not accompanied by any corroborative evidence of the impact of the alien's work." The Service finally stated that the record did not reflect evidence of recognition of the beneficiary's contributions and achievements to the field by peers or business organizations, despite acknowledging that the various letters of support discuss the beneficiary's contribution to the field of business development and entrepreneurialism.

55.  The following sections address eligibility for a National Interest Waiver according to *Matter of Dhanasar*.

56.  Regarding "substantial merit and national importance," USCIS conceded that the beneficiary's "proposed endeavor as President of TMCI Inc. has substantial merit." However, the Service argued the endeavor lacks national importance based on a

misunderstanding of Counsel's assertion of the scale of businesses, jobs, and revenue <u>indirectly</u> supported or generated by TMCI. The Service further asserted that "the evidence of record does not convey an understanding of how the petitioner's proposed employment activities stand to have a broader impact on his field," seeming to overlook the submitted outline for future plans of employment expansion, projected positive economic contributions through 2023, and independent testimony about the growth of jobs directly provided to U.S. workers by TMCI.

57.    Regarding "Whether the beneficiary is well positioned to advance the proposed endeavor," the Service again claimed that the petitioner did not sufficiently show that any of the beneficiary's work as President or Director had "influenced or had an impact on the field of business." The main objection from USCIS regarding the letters of support seems to be that there is insufficient explanation of "how [the beneficiary's] work has been influential among other Presidents in the field of business."

58.    Regarding "whether on balance, it would be beneficial for the United States to waive the requirements of a job offer and thus of a labor certification," the Service reiterated that "[t]he petitioner has not shown that his proposed endeavor involves duties and activities beyond the normal expectations of a President with some experience in the field [or] that his work has impacted the field as a whole." USCIS also stated that "[w]hile the petitioner proposes to perform functions that will advance the field of business, these factors do not outweigh the benefits inherent in the labor certification process," appearing to overlook evidence of the demonstrated impracticality of a self-employed person obtaining a job offer and labor certification.

**Motion to Reopen**

59.   On July 19, 2019, the petitioner filed a Notice of Appeal or Motion (Form 1-290B) indicating he was filing a motion to reopen and a motion to reconsider the petitioner's previously denied Form I-140.

60.   On February 16, 2021, USCIS denied the Form I-1290B on the following bases:

   a.  Plaintiff did not establish that he possessed a minimum of five years of work experience in his specialty.

   b.  Plaintiff did not meet all three prongs of *Dhanasar*.

## CLAIM FOR RELIEF:

### Review under the Administrative Procedure Act

61.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 above.

62.   Plaintiff asserts that the evidence in the administrative record shows that Plaintiff has an advanced degree. Even if Plaintiff did not have an advanced degree, Plaintiff meets at least three out of the six exceptional ability criteria.  Moreover, the totality of the evidence demonstrates that Plaintiff's endeavor has national importance, that Plaintiff is well positioned to advance the endeavor, and that on balance, it would be beneficial for the U.S. to waive the requirement of a job offer from a U.S. employer. USCIS's denial was arbitrary and not in accordance with the law.

### Defendants' Denials were Arbitrary, Capricious and Not in Accordance with the Law

63.   USCIS's standard of review was preponderance of the evidence. "The 'preponderance of the evidence' standard requires that the evidence demonstrate that the applicant's claim is 'probably true,' where the determination of 'truth' is made based on the factual

circumstances of each individual case." *Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010).

64.    We assert that the evidence proves Plaintiff meets the initial evidence requirement of having an advanced degree or its equivalent, meaning a baccalaureate degree and at least five years of progressive experience in the specialty.

65.    Even if this were not the case, we assert that Mr. Mahmoud submitted satisfactory evidence to be an alien with exceptional ability by satisfying the criteria of 1) a degree from an institution of learning related to the area of exceptional ability, 2) membership in a professional association, and 3) recognition for achievements and significant contributions to the industry or field by peers or professional organizations.

66.    We finally assert that Mr. Mahmoud has demonstrated that he meets the three prongs of *Matter of Dhanasar* and therefore ought to be granted a National Interest Waiver.

### POSSESSION OF AN ADVANCED DEGREE OR EQUIVALENT (BACCALAUREATE DEGREE + FIVE YEARS OF EXPEREINCE)

67.    In support of this criterion, the record contains beneficiary's resume, letters attesting to his business relationships, professional evaluations of his educational and professional experience, and financial forms indicating at least 5 consecutive years in a professional position. The Service did not acknowledge the professional evaluation by Utah State University holding that the beneficiary holds the equivalent to a U.S. Master of Business Administration. This is clear evidence the Service abused its discretion because it has failed to consider relevant, submitted evidence in decision. *Muni v. INS*, 891 F. Supp. 440, 446 (N.D. I11. 1995).

68.    Furthermore, the beneficiary currently holds an E-2 visa. As part of the documentation for this, evidence was submitted and already accepted by the Service detailing the beneficiary's responsibilities and duties as President of TMCI since he founded the company in 2009. This demonstrates that the beneficiary possesses at least five years of progressive post-baccalaureate experience.

69.    Lastly, the Service concedes that "[t]he petitioner's 2016, 2017 and 2018 Form 1120 show that the beneficiary's title was President of TMCI Incorporated. The petitioner's 2012 Texas Tax Franchise Tax Public Information Report shows the beneficiary's title was both President and Director." USCIS itself conceded that it has been demonstrated "the beneficiary's company had customers between the years of: 2012 through 2018." Because Plaintiff is his own current and former employer, the record contains relevant, probative, and credible evidence that should have led the director to believe that the claim he has at least 5 years of experience is "more likely than not" or "probably true," and he thus "has satisfied the standard of proof." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). It was irrational and arbitrary for the Service to concede Plaintiff has been the President of his own company since 2012 but assert he does not have five years of progressive experience in his field. **This is all that Plaintiff was required to prove in order to qualify for the EB-2 category. In other words, all the following discussion of "exceptional ability" is superfluous to the case.**

### RECOGNITION FOR ACHIEVEMENTS AND SIGNFICIANT CONTRIBUTIONS TO THE INDUSTRY OR FIELD BY PEERS OR PROFESSIONAL ORGANIZATIONS

70.    USCIS conceded the beneficiary satisfied 2 criteria for being an alien of exceptional ability, namely 1) having an academic degree from an institution of learning and 2)

membership in a professional association. Therefore, the beneficiary only needs to satisfy a third exceptional ability criterion.

71.    In support of this third criterion, 5 letters of support and multiple financial documents were submitted. Mr. Margolin, Chief Commercial Officer of Ship Supply International, attests to the high quality of Mr. Mahmoud's unique formulas which are currently distributed nationwide by Ship Supply International. The letter of the President and CEO of Gulf State Marine details how TMCI has blended unique formulas that have directly led to increased efficiency by Gulf State Marine, which is a major supplier and servicer of marine vessels around the world. This reflects the recognition Mr. Mahmoud has gained from his production and distribution of unique formulas in the industry of ship supplies. The letter from Mr. Jamal Chahine, which is never addressed by the Service, specifically recognizes TMCI's contributions to the dry-cleaning industry through its high-quality and comparatively low-cost cleaning agents, which are integral to the dry-cleaning industry where effective cleaning products are imperative.

72.    Furthermore, only a demonstration that the beneficiary has been recognized for significant contributions by peers or professional organizations is required to satisfy this criterion, not a demonstration of "how the beneficiary's work distinguished him from others in the field," as the Service claims. USCIS also ignored that the multiple letters of support are from other companies in the field of businesses relating to cleaning agents. In other words, these authors hold far more subject matter expertise than USCIS and are the most relevant possible opinions on the question.

73.  Finally, USCIS abuses its discretion when it fails to weigh important factors and state

its reasons for denying relief. *Muni*, 891 F. Supp. at 444. In *Muni*, the Court concluded

that the Service's failure to consider all of the submitted evidence "is clear evidence

that it did not adequately the facts before it." *Id.* at 445. The Service failed to consider

the letter of Mr. Jamal Chahine and thus erred in its decision that the beneficiary falls

short of satisfying this criterion.

### MATTER OF DHANASAR: 1) THE PROPOSED ENDEAVOR HAS BOTH SUBSTANTIAL MERIT AND NATIONAL IMPORTANCE

74.  The Service conceded the beneficiary's proposed endeavor as President of TMCI has

substantial merit.

75.  The Service contended that the endeavor did not have national importance because "the

petitioner ha[d] not established that the beneficiary's proposed work has implications

beyond his company…and/or unidentified clients/customers at a level sufficient to

demonstrate the national importance of his endeavor." However, this is a

misapplication of the requirements laid out in *Matter of Dhansar*. *Dhanasar* did not

establish that the proposed endeavor must be proven to have implications beyond the

company or customers to have national importance, instead holding that "An endeavor

that has significant potential to employ U.S. workers…may well be understood to have

national importance."

76.  Mr. Mahmoud has satisfied this criterion. Submitted evidence in the form of support

letters and an independently prepared economic impact report has demonstrated that at

the date of filing (August 2018), TMCI supported numerous U.S. workers and had

established plans to expand its capacity to employ more U.S. workers. The economic

report in particular provided evidence of the growing demand of cleaning agents by

21

ship chandlers and dry-cleaning businesses, which industries TMCI has proven relationships with, as reflected in the multiple support letters submitted.

77.    We assert that, in accordance with *Buletini v. INS*, USCIS has abused its discretion by deviating from its own criteria. *Buletini v. INS*, 860 F. Supp. 1222 (E.D. Mich. 1994). Finally, we contend that Mr. Mahmoud has presented "relevant, probative, and credible evidence that leads the director to believe that the claim is "more likely than not" or "probably true" and thus "has satisfied the standard of proof." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010).

### MATTER OF DHANASAR: 2) THE BENEFICIARY IS WELL POSITIONED TO ADVANCE THE ENDEAVOR

78.    The Service states that the letters of support do not sufficiently explain how "Mr. Mahmoud's work has been influential among other Presidents in the field of business." As with the previous analysis, this is a clear deviation of the requirements set forth in *Dhanasar*, which are that "To determine whether he or she is well positioned to advance the proposed endeavor, we consider factors including, but not limited to: the individual's education, skills, knowledge and record of success in related or similar efforts; a model or plan for future activities; any progress towards achieving the proposed endeavor; and the interest of potential customers, users, investors, or other relevant entities or individuals."

79.    The standard of "influence on the field" is not applicable to laws pertaining to EB-2 visas and the Service has conflated the EB-2 requirements with that of a completely different EB-1 visa category. Furthermore, it is not *Dhanasar* but the now-obsolete NYSDOT decision that mentions "influence." *Matter of New York State Dep't of Transp.*, 22 I&N Dec. 215 (Acting Assoc. Comm'r 1998).

80. The Service's apparent inability to apply the correct test of eligibility and reliance on an overturned standard demonstrates a blatant abuse of discretion.

81. Furthermore, the Service continues its incorrect application of 'influence on the field' in its denial, stating, "[t]he above-mentioned evidence does not indicate how the beneficiary's work has influenced or impacted the field and does not demonstrate how the beneficiary has made significant contributions to the field as a whole." USCIS also ignored Counsel's correct analysis of how Mr. Mahmoud meets <u>every</u> suggested factor laid out in *Dhanasar* to determine whether he is well-positioned to advance the endeavor. USCIS has abused its discretion by failing to weigh important factors and state its reasons, in accordance with the correct underlying law(s), for denying relief. *Id*.

### MATTER OF DHANASAR: 3) ON BALANCE, IT WOULD BE BENEFICIAL TO WAIVE THE REQUIREMENTS OF A JOB OFFER AND LABOR CERTIFICATION

82. The Service's main objection to this criterion seems to be that "[w]hile the petitioner proposes to perform functions that will advance the field of business, these factors do not outweigh the benefits inherent in the labor certification process." USCIS does not satisfactorily address Plaintiff's explanation that he is self-employed and therefore obtaining a labor certification is actually impossible. This inapplicability of the labor certification requirement was one of the principal reasons why USCIS replaced the NYSDOT analysis with the *Dhanasar* analysis. The Service also fails to acknowledge the evidence on record demonstrating that Mr. Mahmoud's endeavor has already employed U.S. workers, the number of which has grown over time, and that he has plans to employ more in the coming years.

83.    Furthermore, the Service fails to address the documentation on record that Mr. Mahmoud's education and extensive experience in business with cleaning agents uniquely benefit the United States, where ship chandlers and dry-cleaning industries are both experiencing increased demand for reliable, high-quality cleaning supplies. USCIS also does not acknowledge Mr. Mahmoud's demonstrated relationships with businesses in these industries, nor his plans for expansion which would benefit the United States in terms of jobs created and demand met.

84.    Overall, Mr. Mahmoud has submitted relevant, probative, and credible evidence that should have led the agency to believe that the claim is "more likely than not" or "probably" true" and thus "has satisfied the standard of proof." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010).

85.    The facts are clear: Mr. Mahmoud possesses an advanced degree and is an alien of exceptional ability. Furthermore, he satisfies each prong set forth in *Matter of Dhanasar*. USCIS abused its discretion and did not act in accordance with the law in denying Mr. Mahmoud's petition.

PRAYER FOR RELIEF

Wherefore, Petitioner prays the Honorable Court grant the following relief:

i. Assume jurisdiction over this matter;

ii. Declare that USCIS committed legal error and abused its discretion in this case;

iii. Reverse USCIS' denial of Plaintiff's I-140 application;

iv. Grant such other relief as the Court may deem just and proper;

v. Grant an award of attorney's fees and costs under the Equal Access to Justice Act.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 13, 2021.

/s/ Sheridan Green

SHERIDAN GREEN
*Attorney in Charge*
State Bar # 24083103
Sheridan Green Law PLLC
40 Cypress Creek Parkway, Ste. 349
Houston, TX 77090
Tel: (435) 668-9494
Fax: (210) 899-0476
greenvisaslaw@gmail.com
*Counsel of Record for Plaintiff*


/s/ Benjamin Hamilton
Benjamin Hamilton
10670 N Central Expy, Ste 300
Dallas, TX 75231
(214) 251-8011
(214) 251-8021 (fax)

25